# ATTACHMENT 1

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Indian River Transport Co., a Florida Corporation, and DOES 1-10, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Charles W. Cooley, on behalf of himself and all others similarly situated

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

04/07/2017 at 11:22:13 AM

Clerk of the Superior Court
By Georgina Ramirez, Deputy Clerk

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
*(El nombre y dirección de la corte es):* Orange County
Superior Court of California, Central Justice Center,
700 Civic Center Driver West, Santa Ana, CA 92701

CASE NUMBER:
*(Núm* 30-2017-00913895-CU-OE-CXC
Judge William Claster

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Aashish Y. Desai, Esq., Desai Law Firm PC, 3200 Bristol St., Ste. 650, Costa Mesa, CA 92626, 949-614-5830

DATE: 04/07/2017
*(Fecha)*
DAVID H. YAMASAKI, Clerk of the Court
Clerk, by *(signature)* Georgina Ramirez, Deputy
*(Secretario)* *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

DESAI LAW FIRM, P.C.
Aashish Y. Desai, Esq. (SBN 187394)
Adrianne De Castro, Esq. (SBN 238930)
3200 Bristol St., Suite 650
Costa Mesa, CA 92626
Telephone: (949) 614-5830
Facsimile: (949) 271-4190
aashish@desai-law.com
adrianne@desai-law.com

Attorneys for Plaintiffs

ELECTRONICALLY FILED
Superior Court of California,
County of Orange

**04/07/2017** at 11:22:13 AM

Clerk of the Superior Court
By Georgina Ramirez, Deputy Clerk

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF ORANGE, CIVIL COMPLEX CENTER

| | |
|---|---|
| CHARLES W. COOLEY on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>INDIAN RIVER TRANSPORT CO., a Florida Corporation, and DOES 1-10, inclusive,<br><br>Defendants. | CASE NO.: 30-2017-00913895-CU-OE-CXC<br>Judge William Claster<br>CX-102<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>(1) Failure to Advise and Inform Employees of Right to Take Meal Breaks<br>(2) Failure to Advise and Inform Employees of Right to Take Rest Breaks<br>(3) Failure to Pay All Wages for Sleeper Birth Time<br>(4) Failure to Separately Pay for Non-Driving Work and Rest Breaks<br>(5) Failure to Issue Accurate Itemized Wage Statements<br>(6) Waiting Time Penalties<br>(7) Unfair Business Practices Under the UCL<br><br><u>DEMAND FOR JURY TRIAL</u> |

COMPLAINT

Plaintiff Charles Cooley, on behalf of himself and all others similarly situated ("Plaintiff"), hereby file this Complaint against Defendants Indian River Transport Co. ("INDIAN RIVER") and DOES 1-10 (hereinafter collectively referred to as "Defendants"). Plaintiff are informed and believe, and on that basis, allege as follows:

Plaintiff brings this action on behalf of himself and all similarly situated employees against Defendant for its failure to pay Plaintiff for performing certain work, including work done before and after shifts; its failure to separately compensate for rest breaks; its failure to notify its employees of California break requirements; its failure to record start and end time for meal breaks; its failure to pay drivers for certain time spent in sleeper berths; and its failure to pay Plaintiff' wages due upon termination of employment. As a result, Defendants have violated California statutory law as described below.

## PARTIES TO THE ACTION

1. Plaintiff Charles Cooley has worked for Indian River Transport, LLC ("IRT") as a truck driver from June 12, 2014 to October 3, 2016. He is a resident of the County of Los Angeles, State of California, at all relevant times including within the four years preceding the filing of this Complaint. Throughout the time he worked for IRT, he spent most of his time driving routes in California and drove routes through and in Orange County.

2. Defendant Indian River Transport, LLC is a limited liability company organized under the law of the State of Florida. IRT is a, food-grade tank carrier providing transportation services throughout the United States. It is headquartered in Florida but has a facility in Turlock, employs drivers in California, services numerous clients in California, and receives income from clients in California.

3. The true names and capacities of Defendants DOES 1 to 20 are unknown to Plaintiff who will amend this complaint to allege such names and capacities as soon as they are ascertained. Each Defendant designated herein as DOE is in some manner legally responsible for the unlawful acts and damages alleged herein.

///

## GENERAL ALLEGATIONS

4. Plaintiff Charles Cooley worked for IRT as truck driver out of the Turlock facility. Plaintiff and other truck drivers were all paid the same: piece-rate compensation by the mile. Defendant paid its drivers approximately $.35 per mile.

5. Defendant required its employees to show up early for their shifts to review paperwork and conduct pre-safety checks on their vehicles before leaving. Some of this work occurred exclusively in California before drivers departed for their routes. Defendant did not separately compensate its drivers for this time. At the end of their shift, drivers were required to fill out more paperwork before they could leave from work, including mileage sheets, equipment sheets, DOT logbooks, and invoice/credit sheets. Defendant did not pay for this time. Instead, it paid its workers on a piece rate basis baking-in or "including" various tasks into its compensation scheme -- calculated based on miles driven.

6. Defendant also required some of its drivers to sleep in sleeper berths. Sleeper berths are located in the upper deck of the drivers' truck. After fourteen hours of driving, drivers are required by the Federal Motor Carrier Safety Administration to rest for at least 10 hours. Defendant knows that drivers often must take these rest periods in sleeper berths. Despite this knowledge, Defendant's piece-rate compensation system did not pay drivers anything for this time spent in sleeper berths.

7. Moreover, Plaintiff and other truck drivers who worked for IRT were not separately compensated for rest breaks. In fact, Defendant did not schedule rest breaks for its drivers. Defendant never informed drivers of their right to take breaks, when to take them, or how to take them. In other words, Defendant took no affirmative steps to schedule rest breaks for its drivers. Thus, drivers were not advised of their right to take rest or recovery breaks, and thus were not authorized or permitted to take rest breaks.

8. Defendant's election to use Labor Code § 226.2's "safe harbor" provision does not completely immunize it from liability. The safe harbor provision makes clear that if an employer elects to use this remedy, it is only an affirmative defense for those claims up to December 31,

2

COMPLAINT

2015. Defendant did not change its policy to provide "separate hourly pay" for rest breaks and all non-productive time until September 2016. Thus, liability remains for those claims starting January 1, 2016 until at least September 5, 2016, when Defendant allegedly changed its policy.

9. Moreover, the Labor Code 226.2 makes clear that the safe-harbor provisions also are inapplicable to any claims alleging "employees were not advised of their right to take rest or recovery breaks, that rest and recovery breaks were not made available, or that employees were discouraged or otherwise prevented from taking such breaks." (§226.2(g)(3).) In other words, the affirmative defense provisions do not apply to claims that an employer did not *authorize and permit* employees to take rest periods, as distinct from claims alleging a failure to *compensate* for such periods. These are precisely the claims since Defendant utterly failed to inform its drivers of their right to take rest or recovery breaks.

## SPECIFIC VIOLATIONS OF THE CALIFORNIA LABOR CODE

10. *Failure to Separately Pay for Rest Periods:* California Labor Code §§ 226.7 and the applicable Wage Order require IRT to authorize and permit Plaintiff to take full and uninterrupted *paid* rest periods. Defendants did not separately pay for rest breaks and although Defendant took advantage of the safe harbor provision, liability remains for January 1, 2016 until at least September 5, 2016.

11. *Failure to Advise Employees of Right to Take Meal and Rest Periods:* California Labor Code §§ 226.7, 512 and the applicable Wage Order require IRT to authorize and permit Plaintiff to take full and uninterrupted paid meal and rest periods. Labor Code 226.2 makes clear that the safe-harbor provisions are inapplicable to any claims alleging, "employees were not advised of their right to take rest or recovery breaks, that rest and recovery breaks were not made available, or that employees were discouraged or otherwise prevented from taking such breaks." (§226.2(g)(3).) Here, Defendant did not advise their employees of the right to take rest or recovery breaks including meal breaks and thus, did not make them available. For each day Plaintiff was not advised of his right to take rest and meal breaks, he is owed an additional hour of pay at this regular rate.

12. *Unpaid Wages:*

a. <u>Non-driving work</u>: California Labor Code §§ 204 and 1197 require IRT to pay Plaintiff the contract wage (or at least minimum wage) for all wages due. Plaintiff was not separately paid for non-driving work they were required to perform. This work includes fueling their trucks (15-30 mins), waiting to get their trailers washed (2-3 hours), safety inspections including pre- and post-shift work (30 mins – 1 hour), completing logbooks (15-30 mins), filling out trip sheets (15-30 mins), and scanning paperwork for the corporate office (15-30 mins). This work can, therefore, take up to four to six hours but drivers are not separately paid for this work.

b. <u>Sleeper Berth</u>: In addition, drivers are also not separately paid for time spent sleeping in the sleeper berth. Drivers are required to take a 10-hour break after 14 hours of driving. Defendant knows that drivers often take these breaks in the sleeper berth yet it does not separately compensate its drivers for this time. Rather IRT simply pays its drivers a flat mileage rate of $.35 per mile regardless of how much drivers spend in the sleeper berth. Such a payment scheme is illegal. *Cardenas v. McLane Foodservice, Inc.*, 796 F.Supp.2d 1246 (C.D. Cal. 2011) (granting truck drivers' motion for summary judgment of pre and post-shift claims where employer paid with piece rate wages for "all hours worked").

13. *Inaccurate Pay Stubs*: California Labor Code §§ 226, 226.2 require Defendant to provide its drivers accurate, itemized statements showing all hours worked, and the applicable rate for piece-rate work. Defendant's paystubs utterly failed in this regard because the paystubs did not show all hours worked, for example time spent fueling their trucks, waiting to get their trailers washed, safety inspections including pre- and post-shift work, completing logbooks, filling out trip sheets, and scanning paperwork for the corporate office. Nor did it show a break down of the applicable piece rate.

14. *Failure To Timely Pay Former Employees:* From three years prior to the filing of this Complaint, IRT has willfully failed and refused, and continues to fail and refuse, to timely pay wages due for work performed without compensation to those Plaintiffs whose employment was concluded. Accordingly, these former employees are entitled to statutory penalties under Labor Code §§ 201-203.

## JURISDICTION AND VENUE

15. Plaintiff was an employee of IRT within the State of California and was subject to the unlawful policies at some point during the past four years.

16. This Court has jurisdiction over Plaintiff's California Labor Code claims. This Court has jurisdiction over Plaintiff's claims for restitution of unpaid wages and other ill-gotten benefits arising from IRT's unlawful and/or unfair business practices under California's Business & Professions Code §§ 17200 *et seq.*

17. The California Superior Court has jurisdiction of this matter because both the individual and aggregate monetary damages and restitution sought in this action exceed the minimum jurisdictional limits of the Superior Court and will be established at trial, according to proof. Plaintiffs are informed and believe, however, that their wage claims against the Defendant are not worth more than $5,000,000 in the aggregate and no plaintiff has a wage claim that is worth more than $75,000 individually. Thus, even though the Plaintiff and Defendant are from different states, the Complaint is not subject to removal under the Class Action Fairness Act of 2005 or traditional diversity laws.

## CLASS ACTION ALLEGATIONS

18. This action is maintainable as a class action pursuant to California Code of Civil Procedure § 382 as to claims for unpaid wages, unpaid rest breaks, the failure to advise and inform its drivers of their right to take meal and rest breaks, the failure to issue accurate itemized paystubs, and the failure to timely pay former employees. The Business & Professions Code § 17200 claim is based upon three theories: (i) unfair conduct as a result of the anti-competitive actions of Defendant, (ii) fraudulent behavior of Defendant as defined by the UCL, and (iii) the unlawful failure to comply with the California Labor Code. Plaintiff is representative of those other employees and is acting on behalf of their interests. These similarly situated employees are known to Defendant and are readily identifiable and locatable through Defendant's own employment records. Defendant can easily identify which employees resided in California and those employees who spent time sleeping in sleeper berths.

19. Plaintiff identifies the following classes:

    a. <u>Non-California Resident Class:</u> All non-California resident drivers who performed work in California for at least one full day from 4 years prior to the filing of this Complaint to the present.

    b. <u>California Resident Class:</u> All California resident drivers who performed work in California for at least one full day from 4 years prior to the filing of this Complaint to the present.

    c. <u>California Resident Separate Compensation Class:</u> All California resident drivers who performed work in California for at least one full day from January 1, 2016 – September 5, 2016.

20. Plaintiff reserves the right under Rule 1855(b) of the California Rules of Court, to amend or modify the class description with greater specificity or further division into subclasses or limitation to particular issues.

### NUMEROSITY OF CLASS

21. The employees identified in the above classes identified above are so numerous that joinder of all members is impracticable. Although the precise number of such employees is unknown, the Plaintiff believes that over 100 employees would fall within the putative Classes. The exact number is easily ascertained from Defendant's own employment records, which are presently within the control of Defendant. Furthermore, upon application by Plaintiff's counsel for certification of the Class, the Court may be requested to also incorporate or amend the sub-Classes in the interest of justice and judicial economy.

### EXISTENCE AND PREDOMINANCE OF COMMON QUESTIONS OF FACT AND LAW

22. Common questions of law and fact exist as to the class members that predominate over any questions only affecting them individually and include, but are not limited to, the following:

    a. Whether Defendant violated California Labor Code § 226.7 by failing to separately pay its drivers for rest breaks;

6

COMPLAINT

b. Whether Defendant violated California Labor Code § 204 and 1197 by failing to separately pay its drivers non-driving work;

c. Whether Defendant violated California Labor Code § 204 and 1197 by failing to pay its drivers for time spent sleeping in sleeper berth;

d. Whether Defendant violated California Labor Code §§ 226.7 and 512 by failing to advise or inform drivers of their right to take rest breaks;

e. Whether Defendant violated Labor Code § 226.2 by failing to issue its drivers accurate, itemized statement showing all hours worked and a break down of the piece-rate compensation;

f. Whether Defendant violated California Labor Code §§ 201-203 by failing to pay its former drivers all wages they are due;

g. Whether Defendant violated California Business & Professions Code § 17200, as alleged herein;

h. The nature and extent of class-wide injuries and the measure of damages, restitution and disgorgement for the injuries.

## TYPICALITY

23. The claims of Plaintiff are typical of the claims of the Class he seeks to represent. Plaintiff and all class members work or have worked for Defendant as drivers in California. Plaintiff and all class members have the same right to be separately compensated for rest breaks, non-driving work, and time spent sleeping in a sleeper berth. Plaintiff and all class members have the same right to be advised and informed of their right to take meal and rest breaks. Plaintiff and all class members have the same right to be issued accurate, itemized wage statements. In addition, Plaintiff and all class members have the same right to be paid all wages due at the end of their employment. Plaintiff and all class members have suffered damages and injury resulting from Defendant's wrongful conduct. In addition, Plaintiff and the class members are entitled to equitable relief, as permitted by law, because Defendant's violations of state statutes have harmed the class members and constitute an unfair business practice, especially when compared to those

competitors who comply with wage and hour laws.

### ADEQUACY

24. Plaintiff will fairly and adequately represent and protect the interests of the class members. Plaintiff has retained counsel competent and experienced in complex class actions, and labor and employment litigation.

### SUPERIORITY

25. A class action is superior to other available methods for the fair and efficient adjudication of this litigation. The class members have been damaged and are entitled to recovery as a result of Defendant's common and uniform policies, practices and procedures. Although the relative damages suffered by individual class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. Individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit against corporate Defendants to recover such damages. Even if the individual class members could afford to prosecute their claims separately, the court system could not. In addition, class litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

### *FIRST CAUSE OF ACTION*
### FAILURE TO ADVISE AND INFORM EMPLOYEES OF THE RIGHT TO TAKE MEAL BREAKS
(California Labor Code §§ 226.7, 512)

26. Plaintiff incorporates by reference in this cause of action each allegation of the preceding paragraphs as though fully set forth herein.

27. Plaintiff brings this cause of action on behalf of Class 1 (Non-California Resident Class) and Class 2 (California Resident Class).

28. Throughout the liability period for the proposed classes, Defendant failed to inform or advise its drivers of their right to take meal breaks under California law. In fact, Defendant did not schedule meal breaks and did not inform drivers how to take them.

8

COMPLAINT

29. Defendant's election to use Labor Code § 226.2's "safe harbor" provision does not completely immunize it from liability. Labor Code § 226.2 makes clear that the safe-harbor provisions are inapplicable to any claims alleging, "employees were not advised of their right to take rest or recovery breaks, that rest and recovery breaks were not made available, or that employees were discouraged or otherwise prevented from taking such breaks." (§226.2(g)(3).) These are precisely the claims since Defendant utterly failed to inform its drivers of their right to take meal breaks.

30. As a result of Defendant's failure to advise and inform its employees of their right to take meal breaks, Defendant is liable to Plaintiff and Class 1 and 2 for one hour of additional pay at the regular rate of compensation for each workday that Defendant did not advise its drivers of their right to take meal breaks, pursuant to California Labor Code § 226.7.

31. Plaintiff also seeks attorneys' fees and costs for vindicating a public interest in pursuing these rest period claims, under California Code of Civil Procedure § 1021.5.

### SECOND CAUSE OF ACTION
### FAILURE TO ADVISE AND INFORM EMPLOYEES OF THE RIGHT TO TAKE REST BREAKS
(California Labor Code §§ 226.7)

32. Plaintiff incorporates by reference in this cause of action each allegation of the preceding paragraphs as though fully set forth herein.

33. Plaintiff brings this cause of action on behalf of Class 1 (Non-California Resident Class) and Class 2 (California Resident Class).

34. Throughout the liability period for the proposed classes, Defendant failed to inform or advise its drivers of their right to take rest breaks under California law. In fact, Defendant did not schedule rest breaks and did not inform drivers how to take them.

35. Defendant's election to use Labor Code § 226.2's "safe harbor" provision does not completely immunize it from liability. Labor Code § 226.2 makes clear that the safe-harbor provisions are inapplicable to any claims alleging, "employees were not advised of their right to take rest or recovery breaks, that rest and recovery breaks were not made available, or that

employees were discouraged or otherwise prevented from taking such breaks." (§226.2(g)(3).) These are precisely the claims since Defendant utterly failed to inform its drivers of their right to take rest breaks.

36. As a result of Defendant's failure to advise and inform its employees of their right to take rest breaks, Defendant is liable to Plaintiff and Class 1 and 2 for one hour of additional pay at the regular rate of compensation for each workday that Defendant did not advise its drivers of their right to take rest breaks, pursuant to California Labor Code § 226.7.

37. Plaintiff also seeks attorneys' fees and costs for vindicating a public interest in pursuing these rest period claims, under California Code of Civil Procedure § 1021.5.

## THIRD CAUSE OF ACTION
## FAILURE TO PAY ALL WAGES FOR SLEEPER BERTH TIME
(California Labor Code § 1194)

38. Plaintiff incorporates by reference in this cause of action each allegation of the preceding paragraphs as though fully set forth herein.

39. Plaintiff brings this cause of action on behalf of Class 1 (Non-California Resident Class) and Class 2 (California Resident Class).

40. Defendant paid its drivers $.35 per mile. There was no other form of compensation. As a result of Defendant's piece-rate compensation system, Plaintiff and its other drivers were not paid for any time they spent in the sleeper berth. After fourteen hours of driving, drivers are required by the Federal Motor Carrier Safety Administration to rest for at least 10 hours. Defendant required some of its drivers to sleep in sleeper berths. Sleeper berths are located at the upper deck of the drivers' truck. Plaintiff and other drivers often take these breaks in the sleeper berths. They were not provided separate or any compensation for this time.

41. California Labor Code § 1194 states that notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

42. Plaintiff and Classes 1 and 2 thus seek and are entitled to all uncompensated wages for sleeper berth time, plus interest, and attorneys' fees and costs, as well as all other legal and equitable relief such as a court may find just and proper.

### *FOURTH CAUSE OF ACTION*
### FAILURE TO PAY ALL WAGES FOR NON-DRIVING WORK & REST BREAKS
(California Labor Code §§ 1194, 226.2)

43. Plaintiff incorporates by reference in this cause of action each allegation of the preceding paragraphs as though fully set forth herein.

44. Plaintiff brings this cause of action on behalf of Class 3 (California-Resident Separate Compensation Class).

45. Defendant paid its drivers $.35 per mile. There was no other form of compensation. As a result of Defendant's compensation scheme, Plaintiff and its California drivers have not been paid for all work performed. This work includes but is not limited to non-driving work such as pre-shift inspections, fueling their truck, waiting to have their truck washed, completing paperwork, and performing post-shift inspections. In addition, Defendant did not separately compensate its drivers for rest period.

46. Defendant's election to use Labor Code § 226.2's "safe harbor" provision does not completely immunize it from liability. The safe harbor provision makes clear that if an employer elects to use this remedy, it is only an affirmative defense for those claims up to December 31, 2015. Defendant did not change its policy to provide "separate hourly pay" for rest breaks and all non-productive time until September 2016. Thus, liability remains for those claims starting January 1, 2016 until at least September 5, 2016, when Defendant allegedly changed its policy.

47. California Labor Code § 1194 states that notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

48. Moreover, California Labor Code § 226.2(a) states that employees compensated on a piece-rate basis must be compensated for rest and recovery periods and other nonproductive time separate from any piece-rate compensation. Labor Code § 226.2(a)(3)(A) further provides that employees shall be compensated for rest and recovery periods at a regular hourly rate that is no less than the higher of: (i) An average hourly rate determined by dividing the total compensation for the workweek, exclusive of compensation for rest and recovery periods and any premium compensation for overtime, by the total hours worked during the workweek, exclusive of rest and recovery periods or (ii) The applicable minimum wage.

49. Plaintiff and Class 3 thus seek and are entitled to all uncompensated wages for non-driving work and rest periods (at the applicable rate described above), plus interest, and attorneys' fees and costs, as well as all other legal and equitable relief such as a court may find just and proper.

### *FIFTH CAUSE OF ACTION*
### FAILURE TO ISSUE ACCURATE ITEMIZED WAGE STATEMENTS
(California Labor Code §§ 226, 226.2)

50. Plaintiff incorporates by reference in this cause of action each allegation of the preceding paragraphs as though fully set forth herein.

51. Plaintiff brings this cause of action on behalf of Class 2 (California Resident Class) and Class 3 (California Resident Separate Compensation Class).

52. California Labor Code § 226(a) requires that employers semi-monthly or at the time of each payment of wages to furnish each employee with a statement that accurately reflects the total number of hours worked. California Labor Code § 226(a)(2)(A) further requires that the itemized statement shall, in addition to the other items specified in that subdivision, separately state the following the total hours of compensable rest and recovery periods, the rate of compensation, and the gross wages paid for those periods during the pay period.

53. Labor Code § 226(e) provides that if an employer knowingly and intentionally fails to provide a statement itemizing, *inter alia*, the total hours worked by the employee, then the employee is entitled to recover the greater of all actual damages or $50 for the initial violation

1  and $100 for each subsequent violation, up to $4000.

2  54.  IRT's wage statements are woefully inadequate in this regard. IRT knowingly and intentionally failed to furnish, and continues to knowingly and intentionally fail to furnish, Plaintiff and Class 2 and 3 with timely, itemized statements that accurately reflect the total number of hours worked, nor do they include the rate of pay, or a break-down of the flat daily rate paid to its drivers or any information regarding compensable rest or recovery periods as required by Labor Code § 226(a).

55.  Plaintiff and Class 2 and 3 thus seek the amounts provided in Labor Code § 226(e) for the three-year period prior to the filing of this Complaint, up to and including the present, plus interest, and attorneys' fees and costs, as well as all other legal and equitable relief such as a court may find just and proper.

56.  Indeed IRT's paystub policy was not an "isolated and unintentional payroll error due to a clerical or inadvertent mistake."

### SIXTH CAUSE OF ACTION
### LATE PAY AND WAITING TIME PENALTIES
(Cal. Labor Code §§ 200-203)

57.  Plaintiff incorporates by reference in this cause of action each allegation of the preceding paragraphs as though fully set forth herein.

58.  Plaintiff brings this claim on behalf of Class 1, 2, and 3.

59.  California Labor Code §§ 201 and 202 require an employer to pay its employees all wages due within the time specified by law. Labor Code § 203 provides that if an employer willfully fails to pay such wages, the employer must continue to pay the subject employees' wages until the back wages are paid in full or an action is commenced, up to a maximum of thirty days of wages.

60.  Plaintiff and Class Members who ceased employment with Defendant are entitled to unpaid compensation, but to date have not received such compensation for unpaid non-driving work, sleeper berth time, and rest periods.

///

COMPLAINT

61. More than thirty days have passed since Plaintiff left Defendants' employment. Defendants willfully failed to pay any overtime, or any meal or rest period premiums.

62. As a consequence of Defendant's willful failure to timely compensate Plaintiff and the proposed Classes for all hours worked, the Plaintiff and Class Members whose employment ended during the applicable Class Periods are entitled to thirty days' wages under Labor Code § 203, together with interest thereon and attorneys' fees and costs, including and attorneys' fees and costs for vindicating a public interest in pursuing these late pay claims, under California Code of Civil Procedure § 1021.5.

### *SEVENTH CAUSE OF ACTION*
### UNLAWFUL AND/OR UNFAIR BUSINESS PRACTICES
(California Business and Professions Code Section 17200, et seq.)

63. Plaintiff incorporates by reference in this cause of action each allegation of the preceding paragraphs as though fully set forth herein.

64. Plaintiff brings this claim on behalf of Class 1, 2, and 3.

65. Labor Code § 90.5(a) articulates the public policy of this State to vigorously enforce minimum labor standards, including the requirements to provide accurate itemized wage statements and keep payroll records pursuant to Labor Code §§ 226, 226.2; and to provide adequate meal and periods pursuant to Labor Code §§ 226.7 and 512; and to separately compensate for all non-piece rate work pursuant to Labor Code § 226.2. IRT's conduct of requiring Plaintiffs to work without providing accurate itemized wages statements, failing to pay for all hours worked, including non-driving time, sleeper berth time, and rest periods, and failing to inform and advise its drivers of their right to take meal and rest periods directly violates state law, constitutes and was intended to constitute unfair competition and unlawful and unfair acts and practices within the meaning of the UCL.

66. Defendants' numerous violations of California law, as well as the other statutory and regulatory violations alleged herein, constitute unlawful business actions and practices in violation of Business and Professions Code § 17200, et seq.

///

67. Pursuant to Business and Professions Code § 17200, et seq., Plaintiff and the proposed Classes are entitled to restitution of the unpaid wages, unpaid rest breaks, among other relief alleged herein, that were withheld and retained by Defendant during a period that commences four years prior to the filing of this action.

68. Plaintiff further seeks injunctive relief under the UCL to enjoin Defendant's unfair, lawful, and deceptive practice of failing to compensate its employees according to law. Plaintiff may pursue these injunctive claims without complying with class certification requirements. *McGill v. Citibank, N.A.*, __ Cal.5th __ (Slip op at 13-14) (April 6, 2017).

69. Plaintiff also requests an award of attorneys' fees and costs pursuant to Code of Civil Procedure § 1021.5 and other applicable law, and costs.

## REQUEST FOR RELIEF

1. WHEREFORE, Plaintiff, on behalf of himself and the proposed classes, request judgment and the following specific relief against Defendant as follows:

2. That the Court determine that this action may be maintained as a class action under Code of Civil Procedure § 382;

3. That Defendant is found to have violated the above-referenced provisions of the California Labor Code and IWC Wage Order 9 as to Plaintiff and the Classes;

4. That Defendant's actions are found to be willful to the extent necessary under §§ 201, 202 and 203 of the California Labor Code for willful failure to pay all compensation owed at the time of separation to Plaintiff and the Class Members no longer employed by Defendants, under § 226 of the California Labor Code for willful failure to provide the required accurate and itemized wage statements to Plaintiff and the Class Members, entitling Plaintiff and the Classes to liquidated damages, an extended statute of limitations, and other penalties;

5. That Defendant is found to have violated provisions of the Labor Code and Wage Orders regarding meal periods and rest periods with respect to Plaintiff and respective Classes;

6. That the Court award waiting time penalties under California Labor Code § 203;

7. That Plaintiff and the Class Members receive an award in the amount of unpaid

wage owed, penalties, liquidated damages, and interest thereon in accordance with applicable law, subject to proof at trial;

8. That Defendants be ordered and enjoined to pay restitution to Plaintiff and the California Class for amounts acquired through Defendant's unlawful activities, pursuant to Business and Professions Code §§ 17200-05;

9. That Defendant be enjoined to cease and desist from unlawful activities in violation of California Business and Professions Code § 17200, among other laws;

10. That Plaintiff and the Classes receive an award of reasonable attorneys' fees and costs pursuant to the Code of Civil Procedure § 1021.5, Labor Code §§ 1194, and/or other applicable laws; and

11. That the Court Order such other and further relief, in law or equity, as it deems appropriate and just.

Dated: April 7, 2017

DESAI LAW FIRM, P.C.

By: _____
Aashish Y. Desai
Adrianne DeCastro
Attorneys for Plaintiffs

Plaintiffs demand trial by jury on all issues so triable.

Dated:   April 7, 2017

DESAI LAW FIRM, P.C.

By: _____
Aashish Y. Desai
Adrianne DeCastro
Attorneys for Plaintiffs

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Aashish Y. Desai, Esq. (SBN 187394)<br>Desai Law Firm, P.C.<br>3200 Bristol Street, Suite 650<br>Costa Mesa, CA 92626<br>TELEPHONE NO.: 949-614-5830   FAX NO.: 949-271-4190<br>ATTORNEY FOR *(Name)*: Plaintiff Charles W Cooley | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Orange<br><br>04/07/2017 at 11:22:13 AM<br><br>Clerk of the Superior Court<br>By Georgina Ramirez, Deputy Clerk |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** ORANGE
STREET ADDRESS: 700 Civic Center Drive West
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Ana 92701
BRANCH NAME: Central Justice Center

**CASE NAME:**
Charles W. Cooley v. Indian River Transport Co., et al

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: 30-2017-00913895-CU-OE-CXC |
|---|---|---|---|---|
| [✓] Unlimited<br>(Amount demanded exceeds $25,000) | [ ] Limited<br>(Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE: Judge William Claster<br>DEPT: CX-102 |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [✓] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [✓] is  [ ] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   - a. [ ] Large number of separately represented parties
   - b. [✓] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   - c. [✓] Substantial amount of documentary evidence
   - d. [✓] Large number of witnesses
   - e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   - f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [✓] monetary   b. [✓] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action *(specify)*: Seven (7)
5. This case [✓] is  [ ] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: April 7, 2017
Aashish Y. Desai
(TYPE OR PRINT NAME)                                                   (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov